MARGARET MULLIGAN AND MICHAEL MULLIGAN, PLAIN-
TIFFS-RESPONDENTS, v. STEVE CLAPPIS AND LOUIS
ARCHES, DEFENDANTS-APPELLANTS.

Submitted May 27, 1938—Decided September 16, 1938.

For the plaintiffs-respondents, *Leo Robbins.*

For the defendants-appellants, *Cecil W. Rotzell.*

The opinion of the court was delivered by

PORTER, J.   This was an automobile negligence suit in the
Supreme Court, Ocean Circuit, tried by Common Pleas Judge
Percy Camp, to whom it was referred, and a jury.   A verdict
was rendered in favor of both plaintiffs against Louis Arches.
The other named defendant, Steve Clappis, was not a party,
not having been served with process.   This appeal is from the
resulting judgments.

The automobile of Michael Mulligan was in collision with
an automobile truck alleged to have been owned by defendant
Arches and driven by Clappis for him in a negligent manner.
Margaret Mulligan was riding in her husband's car and was

being driven by Martin Tyrell when she received personal injuries as a result of the collision for which she sought recovery. Michael Mulligan sued for consequential damages and for damages to his automobile. Testimony adduced on behalf of the plaintiffs was that both Clappis and Arches were present on the truck at the time of the collision, that Clappis was driving; that in the presence of Arches he made a statement concerning the condition of the brakes on the truck, and that Arches declared that he was the owner and would pay the damages.

A motion for a nonsuit was made on the ground of lack of proof of negligence and lack of proof of the ownership of the truck. The motion was denied. That ruling is attacked here as error. We think not. There were testimony and inferences which might reasonably be drawn therefrom which would support a verdict. That being the test, the ruling was right.

At the end of the case a motion was made for a directed verdict in favor of the defendants. There was no error in the court's refusal to grant this motion because clearly there were factual questions in dispute necessary for submission to the jury.

Error is charged in the admission of testimony. It is urged that a conversation of Clappis testified to by Tyrell was incompetent. It was properly allowed as the testimony was that the conversation was made in the presence of Arches. Whether or not the identification by Tyrell and others of Arches was correct was a matter of fact for the jury. In ruling on the objection to this testimony the court was obliged to assume that the testimony was correct as to the identification of Arches and that consequently he was, in fact, present when the conversation took place.

The only remaining objection worthy of comment is that the court erred in permitting testimony of the attending physician of the reasonableness of the charge for services made by another physician who did not himself testify. It is the defendant's contention that this testimony was hearsay. The witness was an expert and qualified as such. He was the attending physician and had ordered the patient to consult

the other physician and have him treat her. He had knowledge of what was to be done and what was done. The latter was a part of the history of the case. We conclude that his testimony was competent.

We find no errors and affirm the judgments.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, WALKER, JJ. 16.

*For reversal*—None.